The 4th District Appellate Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. This afternoon we have People of the State of Illinois v. John Talavera for the appellate. Would you pronounce your name for me please? Cheryl Verghese Verghese. And for the appellee? Or for the appellate, I'm sorry. No, for the appellee. Linda McClain Oh, you even changed your name on there. Back to Linda. Very good. All right, we're ready to proceed. Counsel, you may. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. My name is Cheryl Verghese. I'm with the Office of the State Appellate Defender, and I represent John Talavera. It is undisputed that everyone involved in this case committed error. The only question before this Court today is how to remedy the errors. The appropriate remedy is to remand for a new sentencing hearing with specific performance of the pre-agreement and that all parties understand that there's a sentencing cap of nine years in prison. Now, wait a minute. There's not a sentencing cap.  Yes, Your Honor. The State will be held to that recommendation, but that doesn't preclude the trial judge from doing whatever. Yes, Your Honor. The trial court could sentence Mr. Talavera above the sentencing recommendation. We just ask that the case be remanded so that all the parties understand that there is a sentencing recommendation that was a part of the negotiated plea. Understanding that you weren't there and Ms. McClain wasn't there, how in the world did the State stand up and recommend 10 and then the trial judge blithely accept that when everybody in the courtroom should have known that the plea agreement called for a recommendation at nine years? Your Honor, I don't have an answer for that. I'm as perplexed about this as you are. It seems that everyone entered the sentencing hearing assuming that this was an open plea, which is why we ask that this court reach the merits of this case today and remand for a new sentencing hearing. At that point at the sentencing hearing, the parties can determine if Mr. Talavera is extended term eligible and based on that determination, the parties can make their appropriate arguments. Now the State's argument here today is that Mr. Talavera's only recourse is to withdraw his guilty plea, but that's unreasonable because the State has already unilaterally modified the terms of the plea agreement down below by arguing from the full range of sentencing penalties available under the law. The State is attempting to hold Mr. Talavera to his end of the bargain on appeal when it's already rescinded on its own end. In People v. Diaz and People v. Johnson, the Illinois Supreme Court rejected the notion that a party can unilaterally modify the terms of the plea agreement. Such a modification violates contract principles because a guilty plea and a sentence go hand in hand. Now Diaz and Johnson are inapplicable to this case because those were straightforward, partially negotiated pleas. In Diaz, the State promised not to ask for extended term or consecutive sentences and it didn't. And in Johnson, the State agreed to recommend a sentence of no more than 13 years and that was its recommendation. The underlying rationale in those cases was that it was unfair to the State and a violation of contract principles to allow the defendant to challenge only his sentence where he received the benefit of his bargain because the State was foreclosed from arguing from the full range of sentencing penalties under the law. So Diaz and Johnson do not apply in this case because the State breached the plea agreement. In these circumstances where the State does breach the plea agreement, the defendant does not get the full benefit of his bargain. And so in these situations, he should not be required to file a motion to withdraw his guilty plea in order to challenge his sentence. We thus ask that this court remand for a new sentencing hearing under that theory. Alternatively, this plea transformed into an open plea by the time the sentencing hearing came about. There's no doubt that the parties clearly intended to enter a partially negotiated plea at the plea hearing. But the question before this court is whether it is the party's intentions or how the plea ultimately was entered that dictates what motion the defendant must file. Certainly, the parties intended to enter an open guilty plea or enter a partially negotiated plea during the plea hearing. But at sentencing, the State did not abide by the terms of the plea agreement and it transformed the plea into an open plea. In fact, that is why the trial court gave Rule 605B admonishment is because the court sentenced Mr. Talavera with the full understanding that the sentence was set by statute, not by any terms of a plea agreement. The court was not aware that the State was barred from recommending anything more than nine years. And the court did take the State's recommendation very seriously and impose the exact sentence the State asked for, which was 10 years. So we'd ask this court to find today that it is how the plea was ultimately entered, not how the plea was intended to be entered, that dictates the appeal admonishments that the trial court must give and ultimately the motion the defendant must file in order to challenge his sentence. If this court has no questions about the extended term statute or the State's breach of the plea agreement, we just ask that this court remand for a new sentencing hearing.  Yes, Your Honor. I assume for the sake of argument that this court does not agree that the proper motion is filed. Therefore, we would remand it and instruct the court to give the proper 605 admonishments. And then again, assuming that the proper admonishment is given, then the proper motion is filed. And that would be a motion to withdraw the guilty plea and vacate the judgment. The query, my question is, what relief can the court give to your client if your client does file this motion to withdraw the guilty plea? More specifically, is the court confined to just simply either allowing or denying that motion? Or could the court say, the relief that I'm going to give you is a new sentencing hearing where the state must comply with their plea agreement and where, if improper, the extended term cannot be imposed. So I'm asking you, is there any leeway for the court based upon this motion that's filed to withdraw the guilty plea? And is it up to your client to make a choice whether he wants a new sentencing hearing under the terms that I've just talked about? It sounds like that would be, since that's what you're asking for anyway. Can the court give that, though? Is that a possibility? That's what I'm asking. Your Honor, my understanding is that if this case were to be remanded for 605B admonishment or C admonishment, Mr. Talavera's only recourse would be to withdraw his guilty plea. I'm not sure that the trial court would be able to, at that point, give him a new sentencing hearing based on a motion to withdraw his guilty plea. I believe that that would essentially be putting the parties back at status quo, where they would be required to either renegotiate the terms of the plea or proceed onwards to a jury trial or bench trial. However, if this court finds that the trial court does have that kind of leeway and that Mr. Talavera would be allowed to challenge his sentence and potentially get a new sentencing hearing out of it, Mr. Talavera's only concern is that at this point, he does want the state to be held to its end of the bargain. He's not seeking to withdraw his guilty plea. He does want the state to hold to its bargain, to recommend a sentence of no more than nine years in prison. And if down below, they realize that he is, in fact, not extended term eligible, then the parties would have the opportunity, including Mr. Talavera, to withdraw his guilty plea. OK, I do not know the answer to the question I posed, so I wasn't trying to trick you. But as I understand it, you're saying, no, the court is confined to either allowing the motion to withdraw or denying it, right? That's my understanding, Your Honor, but I am happy to file a supplemental brief with further research on this. I didn't run across anything to inform my knowledge that the trial court would be allowed to do something other than allow the defendant to withdraw his guilty plea, but I'm happy to file a supplemental brief. Well, I'm going to ask the follow up question. Let's assume that we agree with you. What is our authority to ignore what we think the Supreme Court expects in a situation like this? I think you suggested that we would construe or treat this as if, yes, the wrong admonishments were given, but that the underlying relief should be a remand directing the trial court to grant a new sentencing hearing. How is it that we do that? Your Honor, if this court were to remand the case, it would not be in contravention of Johnson or Diaz or Evans or Linder, that line of cases, because if nothing else, this actually was, it ended up being an open plea. So we'd ask this court to find that even putting aside Johnson and Diaz, what this court is presented with today is a set of unique facts in which, yes, the parties intended it to be a negotiated plea, but it was never a negotiated plea. It was an open plea. Johnson and Diaz, Evans, Linder, all of those cases are about straightforward, partially negotiated pleas. So this case doesn't actually fall within the umbrella of those case laws, and so we would ask this court to find that this is a unique set of circumstances in which it is unlikely to ever happen again, where all the parties involved just simply forgot that a plea had already been negotiated. This plea essentially transformed into an open plea. So in that situation, the trial court provided the correct admonishments and Mr. Talavera filed the correct motion. Now, if this court were to remand, the parties would essentially be allowed to stand by the terms of the plea agreement, because whether it's an open plea is only a question for how this court gets to it on appeal. It has no implications or ramifications for what happens if this court were to remand it in that Mr. Talavera is asking for specific performance and holding the state to its plea agreement. Thank you. Go ahead. If this court has no further questions. I see no other questions and I was remiss and not indicating to you at the beginning that the third member of this panel was called away basically at the last minute on a family matter of some urgency, and he will have access to the video and oral presentation of this argument. And he will listen to and watch and participate in the decision in this case and that would be Justice Harris, I apologize for not indicating that at the beginning, and I'll blame Miss McLean for being on her daughter's zoom account, because that confused me there for just a moment, till the clerk of the court told me what the explanation was. Now Miss McLean, you may proceed. May it please the court counsel in reply to my opponent's reply brief she points out, I did not address the substantive issues in my brief, and have therefore forfeited them. However, after discussion with my boss, we felt that since I was conceding that the case needed to go back to the trial level. I did not need to and should not address the substance of the issues in my brief. At the trial level, the parties will be able to make a record, and the trial court will have the opportunity to address the issues. So, that will be, I think that is the best case scenario. If the parties will be able to make a record at the trial level. Can I stop you there. You said the court will be able to address the issues. What did you mean by that. Neither. None of the issues raised in my opponents brief were included in the motion to reconsider sentence. So the court has not addressed, whether the state breached its plea agreement or whether their defendant is eligible for extended sentence. Okay. The reason I'm asking. If you heard my questions to opposing counsel. Should we send this case back for for the definitive file a proper motion, and the defendant does so. What's your thought on what the trial court could do. In that scenario. What remedies could the trial court provide. I think that the. I think the proper procedure is that defendant files a motion to withdraw his guilty plea, and then the court addresses that I'm not exactly sure. You said the court was going to address these other issues. That's what. That's why I asked the question, what other issues, then if the only issue is either allow the fed to withdraw the guilty plea or not allow it, then what other issues are you talking about. It seems to me you're suggesting the trial court does have other possible possible remedies that it could give defendant but no. I'm assuming in the, in the motion they would include motion withdraw the guilty plea because the state breached the agreement and motion and withdraw the guilty plea because as different is not eligible for extended sentence. Okay, I understand that. And so then the court could simply say motion is allowed, and that, and then from there, just depends on what happens not that the court can say motion allowed and as a specific I'm going to give the relief of specific performance after all, the Johnson case talks about contract law, so specific performance would be a new sentencing hearing in accordance with the terms of the plea agreement, and if the defendant wasn't eligible for extended term sentencing. That would also have to be taken into consideration for the sentencing hearing, but you're saying you don't think the court could do that right I just want to make sure. I, I don't really know the answer in this. There's very little case law that where the state has done something like this. Okay, well let me ask you another question man opposing counsel says the state breached the plea agreement is that right. I know, I know that you can see that the state did recently agreement. I have not talked to the trial counsel below so I don't want to make a commitment. Okay. The word breach. What I'm sorry what does what's what did justice connect say we got the word breach. I'm not really what I'm saying is based upon the record before us. Do you concede factually that the prosecutor recommended 10 years at the sentencing hearing. Yes, I do. Okay. Would you concede that at the hearing. Defense counsel remain silent. Yes. And would you concede that the trial court appeared to believe that was the recommendation that had been agreed upon. Understand we're putting ourselves in the mind of the trial judge but the trial, would you concede the trial judge made no mention of the fact that a plea agreement had previously been negotiated, which called for a recommendation of nine years. That is true. And I understand you're in an awkward position regarding your office and counsel below, but I would assume that without using the word ineffective assistance at counsel, that you would concede that it is very puzzling that defense counsel did not say, Hey, wait a minute. I thought the recommendation is supposed to be nine years. I just the puzzling is the only word you have to really respond to. Sure. True. Okay. Are there any other questions from his McLean. Well, if the state failed to abide by the agreement. Why isn't counsel right that became basically an open plea, there's no longer an agreement. So how can it be a negotiated plea. If the state didn't abide by the agreement. I don't, I think that the Supreme Court rules require strict compliance, and they don't say, look at the allegations subsequent to the negotiated plea. I think that they're aspirational, they have the force of law, and the review is de novo, and if there was a negotiated plea, then they were required to give a 605 C admonishments, not 605 B. And it's kind of black and white. I don't think that. I think you did suggest though, not that you're telling the defense what to do that the motion to withdraw the guilty plea should be based in part on the fact there was a negotiated plea. The negotiated plea recommendation was not honored by the state that everyone may remain silent. And that everyone was either culpably negligent, or it was just an inadvertent mistake by the people in the courtroom. I mean you would assert that to the trial court saying this is why I want to withdraw my plea. And I suppose you could assert in that motion. The proper remedy in this matter. After the withdrawal of the plea is to insist that the trial, or the prosecutor, abide by the earlier negotiation. In other words, if you were the appellant's counsel, is that how you would phrase the motion to withdraw. Yes. We just keep asking you questions that you feel uncomfortable answering or conceding to and I understand that. Justice Turner, do you have any other questions. Probably, but I can't think of what they are right now. Ms. The breach was caused by the state's inadvertent mistake. One prosecutor agree not to recommend a prison sentence or to make any kind of sentencing recommendation. Then after a lengthy delay, another prosecutor came in and asked for a one year sentence. This came up to the U.S. Supreme Court and the U.S. Supreme Court identified and acknowledged that this was just a mistake by the prosecutor's office, but it was still a breach of the plea agreement with the defendant. And the U.S. Supreme Court remanded the case in order for the state court to determine the appropriate remedy in that case. Now the defendant wanted to withdraw his guilty plea in that case and the New York State Court said that that was not the appropriate remedy. The appropriate remedy was specific performance to send it back down for a new sentencing hearing where the prosecution would have to abide by the terms of that initial agreement. That is what we are asking for in this case because Mr. Talavera does not want to withdraw his guilty plea when he has abided by the terms of the plea agreement. He did in fact plead guilty and that was what the plea agreement required of him. The state did not abide by the terms of the plea agreement. Now defense counsel was absolutely ineffective in not bringing this to the trial court's attention. But at the same time, the state did also play a role in this case and it is only fair to Mr. Talavera that the state now be required to stand by the agreement that they negotiated prior to him entering his guilty plea. If this court were to send this back down for Rule 605C admonishments and ask Mr. Talavera to withdraw his guilty plea, there is no guarantee that the state would then abide by the nine-year sentencing recommendation if Mr. Talavera is extended term eligible. This is unfair to Mr. Talavera because it's exactly what Johnson and Diaz cautioned against, which is having the state and the defendant go through the entire plea negotiation process only to have one party then attempt to unilaterally modify the terms of the plea agreement. There's no doubt that everyone here involved in this case could have actually mentioned that there was a plea agreement in effect, but Mr. Talavera is the only one that is being affected by this down below. He's negotiated a specific sentence or a specific recommendation. Now the trial court doesn't have to abide by the recommendation, but the trial court did place emphasis on the state's recommendation in sentencing him to 10 years. Your Honor, one more point. The state said that Rule 604D and 605C do not specifically delineate in this situation the difference between a regular partially negotiated plea and what happened in this case, but that's absolutely not true. Rule 604D and 605C define a negotiated plea as one in which the prosecution has bound itself to a specific sentence, a specific range of sentences, or has made sentencing concessions. When that is at issue, the trial court must provide Rule 605C admonishments, but that was not at issue at the sentencing hearing. There was no mention of any sentencing concessions, so the trial court provided the correct Rule 605B admonishments, and we'd ask that this court just remand the case for a new sentencing hearing where the parties can determine whether Mr. Talavera is extended term eligible. At that point, Mr. Talavera would have the opportunity to argue as to the extended term eligibility. If this court has no further questions. I'm wondering, you cited Santabello, does that broad language from the U.S. Supreme Court apply in this situation given that the Illinois Supreme Court has given us Rule 604 and 605? Yes, Your Honor, we believe so because Johnson did not specifically, 604 and 605 do not specifically cover what happened in this case. 604 and 605 apply squarely when there's a partially negotiated plea, but this was not a partially negotiated plea, even within the definition of a partially negotiated plea. This was an open plea. To find that this was a partially negotiated plea means that the parties intended plea trumps what the parties eventually ultimately entered as the plea. The trial court actually did not commit error in this case because the trial court sentenced Mr. Talavera based on its understanding of the sentencing applicable, which was the full range of penalties, three years to 14 years. Now, the trial court could have sentenced him between that range, regardless of what the state recommended, but it is clear from this record that the trial court was unaware that the state. Didn't the trial court take the plea agreement? Yes, Your Honor, the trial court did take the plea agreement. How could the trial court be unaware that the cap was nine years if the trial court took the plea agreement? Your Honor, the trial court likely should have been aware. Forgot maybe, but the trial court at one point was aware of it, right? Yes, Your Honor, but we'd ask this court to find that regardless of how the parties intended to enter the plea, it's how the plea was eventually entered that dictates what admonishments are necessary under Rule 605. And then subsequently, what motion should be filed to challenge the sentence? Anything else would allow the state to unilaterally modify the terms of the plea agreement at the sentencing hearing, even though the defendant has abided by the terms of the plea agreement by already pleading guilty. It puts the defendant in a very awkward situation where on appeal, we're arguing jurisdiction, even though it's clear from the record. Your Honor, I see my time is up. You finished that sentence. It's clear from the record that everyone involved in this case committed error. So we'd simply just ask that this case be remanded for a new sentencing hearing. Thank you, counsel. We'll take this matter under advisement and stand in recess.